# In The United States Court of Federal Claims

RECEIVED
MAR 23 2007
OFFICE OF THE CLERK
U.S. COURT OF FEDERAL CLAIMS

## Cover Sheet

Plaintiff(s) or Petitioner(s)

Arthur J. Davidson, Barbara J. Davidson, Virgil D. DeVries, Lois A. DeVries, Wayne Hill, Kathryn Hill, Robert M. Stalnaker, Patsy Stalnaker, J. Bryce Wynne, and Mary A. Wynne

**If this is a multi-plaintiff case, pursuant to RCFC 20(a), please attach an alphabetized, numbered list of all plaintiffs.**

Name of the attorney of record: [See RCFC 83.1(c)] Thomas E. Redding

Firm Name: Redding & Associates

Post Office Box:

Street Address: 2914 W.T.C. Jester

City-State-Zip: Houston, Texas

Telephone & Facsimile Numbers: 713-965-9244 713-621-5227

E-mail address:

Is the attorney of record admitted to the Court of Federal Claims Bar? Yes

If NO, please call (202) 219-9630 for admission papers and instructions.

Nature of suit code: 2 1 3

**Select only one [three digit] nature of suit code from attached sheet and if numbers 118, 134, 226, 312, 356, or 528 are used, please explain.**

AMCOR

Government Agency Involved: T R E

**See attached Sheet for three digit code.**

Amount Claimed: $ 558,588.78

**If to be determined, put the phrase "to be determined" in Amount Claimed Space.**

Vaccination Date: **(Vaccine Cases Only)**

If this is case related to any pending or previous case you are **required** to file a separate notice of related case(s). See RCFC 40.2

April 25, 2003

ORIGINAL

IN THE UNITED STATES COURT of FEDERAL CLAIMS

| | | |
|---|---|---|
| ARTHUR J. DAVIDSON,<br>BARBARA J. DAVIDSON, | § | 07-196 T<br>CIVIL NO.________ |
| VIRGIL D. DEVRIES,<br>LOIS A. DEVRIES, | § | JUDGE |
| WAYNE HILL,<br>KATHRYN HILL, | § | |
| ROBERT M. STALNAKER,<br>PATSY STALNAKER, | § | |
| J. BRYCE WYNNE, and<br>MARY A. WYNNE, | § | |
| Plaintiffs, | § | |
| v. | § | |
| UNITED STATES OF AMERICA | § | |
| Defendant. | § | |

FILED
MAR 23 2007
U.S. COURT OF FEDERAL CLAIMS

## PLAINTIFFS' ORIGINAL COMPLAINT

1. Plaintiffs Arthur J. Davidson and Barbara J. Davidson ("the Davidsons") are citizens of the United States of America who live at 2932 Gainsborough Drive, San Marino, CA 91108.

2. Plaintiffs Virgil D. DeVries and Lois A. DeVries ("the DeVries") are citizens of the United States of America who live at 6347 Edgefield Street, Lakewood, CA 90713.

3. Plaintiffs Wayne Hill and Kathryn Hill ("the Hills") are citizens of the United States of America who live at 6390 S. Vicki Ann Road, Pahrump, NV 89048-7609.

12. A dispute arose between the IRS and DFG as to certain partnership items reported on the partnership's tax return and suit was filed in the Tax Court contesting the IRS's proposed adjustments to the partnership's return.

13. The Tax Matters Partner ("TMP") for DFG and the IRS filed an agreed decision with respect to those partnership items in that Tax Court action.

14. Following that settlement, on September 16, 2002, the IRS assessed tax liability of $7,323.00 and interest and §6621(c) penalty interest of $39,991.43 against the Davidsons for 1984. The IRS Assessed additional interest of $2,703.70 on September 29, 2003.

15. In a series of payments and credit transferred from other tax years, the Davidsons paid the assessments in full.

16. On July 19, 2004, the Davidsons filed with the IRS a claim for refund of $7,323.00 for the tax and $27,217.00, or such amount as is legally refundable, for the interest and §6621(c) penalty interest assessed and paid for 1984.

17. As grounds for recovery, the Davidsons restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1984:

A. The assessment of tax and interest was made after the statute of limitations had already expired. Any amount assessed and collected after the statute of limitations has expired constitutes an overpayment pursuant to §6401. The assessment related to the Partnership was made more than three years after the Partnership return was filed. The settlement upon which the assessment was based was solicited by the Internal Revenue Service and entered into by the TMP after the statute of limitations had expired. *Alexander v. United States*, 44 F.3d 328 (5th Cir. 1995), and *Ewing v. United States*, 914 F.2d 499 (4th

Cir. 1990). An extension of the statute of limitations must be pursuant to a written agreement entered into "before the expiration of such period." I.R.C. §6229(b)(1). See Rev. Rul. 74-580, 1974-2 C.B. 400, *Alexander, supra; Melahn v. Commissioner*, 9 T.C. 768 (1947). (Neither an invalid Notice of Final Partnership Administrative Adjustment ("FPAA") nor an invalid petition filed with the Tax Court suspends the limitations period, nor does a settlement agreement entered into after the statute of limitations has expired reopen the period for assessment.) This claim does not seek a change in the treatment of the partnership items. This claim concedes that the partnership items should, in fact, be adjusted as agreed by the TMP and it is, therefore, not necessary to show fraud, malfeasance or misrepresentation. The claim is not barred because the claim does not seek a change in the "treatment of partnership items."

B. Any amount assessed and collected after the statute of limitations had expired constitutes a refundable overpayment pursuant to §6401. *Alexander, supra; Cohen v. Commissioner*, 91-2 U.S.T.C. ¶50,384 (1991) *aff'd.* 995 F.2d 205 (Fed. Cir. 1993).

C. The claim was timely. It was filed within two years from the date of payment. Additionally, even if any of the periods under §6230 apply to any portion of this claim, it is timely under those provisions as well.

D. In the alternative, even if the statute of limitations does not bar the assessment and collection of tax, Plaintiffs are not liable for the penalty portion of the interest paid under §6621(c). To the extent the tax deficiencies upon which the §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under §6224(c), the partnership item adjustments were based solely on amounts offered as

adjustments by the TMP and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an §6224(c) agreed settlement that was entered into by the TMP, such an agreement can only relate to specific adjustments to partnership items. The assessment that resulted from the Tax Court decision reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement by the taxpayers that the tax deficiency was subject to §6621(c) or that the adjustments resulted from tax motivated transactions as defined in §6621(c) or the relevant regulations.

E. In addition and in the alternative, the taxpayer(s) are not liable for the penalty portion of the interest paid under §6621(c). To the extent the tax deficiencies upon which the §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by the TMP and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an §6224(c) agreed settlement that was entered into by the TMP, such an agreement can only relate to specific adjustments to partnership items. The assessment that resulted from the Tax Court decision reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement by the taxpayers that the tax deficiency was subject to §6621(c) or that the adjustments resulted from tax motivated transactions as defined in §6621(c) or the relevant regulations.

F. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have

constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner*, 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it! *See also Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position. Moreover, based on this same analysis, the Fifth Circuit Court of Appeals has just ruled in related AMCOR partnership cases that the penalty rate of interest should not have been applied to the AMCOR partners who were the subject of that test case litigation. *Weiner v. United States*, 389 F.3d 152 (5th Cir., 2004). Because Plaintiffs reside within the jurisdiction of the Fifth Circuit Court of Appeals, this case is now controlling.

G. Alternatively, even if the doctrine under *Todd*, *McCrary*, and Treas. Reg. §301.6621-2T, A-5 does not preclude the application of §6621(c), no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a tax motivated transaction. Additionally, the IRS failed to make any determination or conduct any examination regarding the individual taxpayer before assessing the §6621(c) penalty interest and that portion of the assessment is simply a naked and invalid assessment.

H. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 for the period beginning with the commencement of the IRS'

wrongful seizure of the partnership's books and records during the criminal investigation of Mr. Behrens, Mr. Schreiber, and Mr. Wright individually, and ending with the termination of the criminal investigation and return of the records to the partnership. The resulting delay of the civil proceedings during that time period constituted an unreasonable delay in the proceedings due to a managerial or ministerial act. The refund claim computations have used a suspension period from December 31, 1988 to April 1, 1993, based on the dates of the IRS misconduct culminating when the IRS invaded the general partner's office, served criminal subpoenas on the general partners individually and seized the partnership's records to the date the general partners were notified of the abandonment of the criminal investigation and the records were returned. The period of suspension should actually be longer based on when the referral to the criminal investigation division was first made to the date when all partnership records were returned to the general partners, and the IRS should recompute and pay the greater amount under this claim based on those dates. The interest accrued on the tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the general partners, seizure, disorganization and loss of partnership records in the course of that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the ability to defend against adjustments to partnership items the IRS eventually asserted, all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the TMPs in writing with regard to the civil partnership level return examination.

I. Interest should also be abated for the period beginning with a date 45 days after the finality of the Tax Court decision reflecting the partnership item settlement and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

J. Interest should be recomputed based on the doctrine in *Avon Products*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

K. Over six (6) months have elapsed since the Davidsons filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States or in any judicial proceeding, including any in the Tax Court of the United States.

18. The Davidsons are the sole owners of the claim asserted herein against the Defendant and has made no assignment of said claim.

**DAVIDSON**
**COUNT TWO**
**(Calendar Year 1985)**

19. Arthur J. Davidson and Barbara J. Davidson filed a timely joint federal income tax return for calendar year 1985 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-5429 and XXX-XX-3713.

20. Mr. and Mrs. Davidson were limited partners in Agri-Venture Fund ("AVF"), a California limited partnership.

21. AVF timely filed its 1985 Form 1065, partnership tax return.

22. A dispute arose between the IRS and AVF as to certain partnership items reported on the partnerships' tax returns and suit was filed in the Tax Court contesting the IRS's proposed adjustments to the partnerships' return.

23. The TMP for AVF and the IRS filed an agreed decision with respect to those partnership items in that Tax Court action.

24. Following that settlement, on September 16, 2002, the IRS assessed tax liability of $9,226.00 and interest and §6621(c) penalty interest of $43,242.14 against the Davidsons for 1985. The IRS Assessed additional interest of $3,014.47 on September 29, 2003.

25. In a series of payments and credit transferred from other tax years, the Davidsons paid the assessments in full.

26. On December 21, 2004, the Davidsons filed with the IRS a claim for refund of $9,224.00 for the tax and $47,579.30 for the interest and §6621(c) penalty interest assessed and paid for 1985.

27. As grounds for recovery, the Davidsons restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1985:

A. The assessment of tax and interest was made after the statute of limitations had already expired. Any amount assessed and collected after the statute of limitations has expired constitutes an overpayment pursuant to §6401. The assessment related to the Partnership was made more than three years after the Partnership return was filed. The settlement upon which the assessment was based was solicited by the Internal Revenue Service and entered into by the TMP after the statute of limitations had expired. *Alexander v. United States*, 44 F.3d 328 (5th Cir. 1995), and *Ewing v. United States*, 914 F.2d 499 (4th

Cir. 1990). An extension of the statute of limitations must be pursuant to a written agreement entered into "before the expiration of such period." I.R.C. §6229(b)(1). See Rev. Rul. 74-580, 1974-2 C.B. 400, *Alexander, supra; Melahn v. Commissioner*, 9 T.C. 768 (1947). (Neither an invalid FPAA nor an invalid petition filed with the Tax Court suspends the limitations period, nor does a settlement agreement entered into after the statute of limitations has expired reopen the period for assessment.) This claim does not seek a change in the treatment of the partnership items. This claim concedes that the partnership items should, in fact, be adjusted as agreed by the TMP and it is, therefore, not necessary to show fraud, malfeasance or misrepresentation. The claim is not barred because the claim does not seek a change in the "treatment of partnership items."

B. Any amount assessed and collected after the statute of limitations had expired constitutes a refundable overpayment pursuant to §6401. *Alexander, supra; Cohen v. Commissioner*, 91-2 U.S.T.C. ¶50,384 (1991) *aff'd.* 995 F.2d 205 (Fed. Cir. 1993).

C. The claim was timely. It was filed within two years from the date of payment. Additionally, even if any of the periods under §6230 apply to any portion of this claim, it is timely under those provisions as well.

D. In the alternative, even if the statute of limitations does not bar the assessment and collection of tax, Plaintiffs are not liable for the penalty portion of the interest paid under §6621(c). Several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The Fifth Circuit Court of Appeals opinion in *Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004) established that where the tax liability resulted from a settlement in a

TEFRA partnership proceeding where the original FPAA asserted both "tax motivated" grounds for the adjustments and non-tax motivated grounds, §6621(c) penalty interest cannot be imposed! The FPAA clearly contained numerous grounds for adjustment, most of which are not "tax motivated transaction" grounds. This case followed the Tax Court case, *McCrary v. Commissioner*, 92 T.C. 827 (1989), and its progeny. This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it! *See also Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

E. In addition and in the alternative, the taxpayer(s) are not liable for the penalty portion of the interest paid under §6621(c). To the extent the tax deficiencies upon which the §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by the TMP and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an §6224(c) agreed settlement that was entered into by the TMP, such an agreement can only relate to specific adjustments to partnership items. The assessment that resulted from the Tax Court decision reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement by

the taxpayers that the tax deficiency was subject to §6621(c) or that the adjustments resulted from tax motivated transactions as defined in §6621(c) or the relevant regulations.

F. Alternatively, even if the doctrine under *Todd*, *McCrary*, and Treas. Reg. §301.6621-2T, A-5 does not preclude the application of §6621(c), no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a tax motivated transaction. Additionally, the IRS failed to make any determination or conduct any examination regarding the individual taxpayer before assessing the §6621(c) penalty interest and that portion of the assessment is simply a naked and invalid assessment.

G. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 for the period beginning with the commencement of the IRS' wrongful seizure of the partnership's books and records during the criminal investigation of Mr. Behrens, Mr. Schreiber, and Mr. Wright individually, and ending with the termination of the criminal investigation and return of the records to the partnership. The resulting delay of the civil proceedings during that time period constituted an unreasonable delay in the proceedings due to a managerial or ministerial act. The refund claim computations have used a suspension period from December 31, 1988 to April 1, 1993, based on the dates of the IRS misconduct culminating when the IRS invaded the general partner's office, served criminal subpoenas on the general partners individually and seized the partnership's records to the date the general partners were notified of the abandonment of the criminal investigation and the records were returned. The period of suspension should actually be longer based on when the referral to the criminal investigation division was first made to the date when all partnership records were returned to the general partners, and the IRS should recompute and pay the

greater amount under this claim based on those dates. The interest accrued on the tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the general partners, seizure, disorganization and loss of partnership records in the course of that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the ability to defend against adjustments to partnership items the IRS eventually asserted, all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the TMPs in writing with regard to the civil partnership level return examination.

H. Interest should also be abated for the period beginning with a date 45 days after the finality of the Tax Court decision reflecting the partnership item settlement and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

I. Interest should be recomputed based on the doctrine in *Avon Products*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

28. Over six (6) months have elapsed since the Davidsons filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States or in any judicial proceeding, including any in the Tax Court of the United States.

29. The Davidsons are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

**DAVIDSON**
**COUNT THREE**
**(Calendar Year 1986)**

30. Arthur J. Davidson and Barbara J. Davidson filed a timely joint federal income tax return for calendar year 1986 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-5429 and XXX-XX-3713.

31. Mr. and Mrs. Davidson were limited partners in Vista-Ag Realty Partners ("VARP"), a California limited partnership.

32. VARP timely filed its 1986 Form 1065, partnership tax return.

33. A dispute arose between the IRS and VARP as to certain partnership items reported on the partnerships' tax returns and suit was filed in the Tax Court contesting the IRS's proposed adjustments to the partnerships' return.

34. The TMP for VARP and the IRS filed an agreed decision with respect to those partnership items in that Tax Court action.

35. Following that settlement, on September 16, 2002, the IRS assessed tax liability of $7,659.00 and interest and §6621(c) penalty interest of $31,152.99 against the Davidsons for 1986. The IRS Assessed additional interest of $2,192.47 on September 29, 2003.

36. The Davidsons paid the assessments in full.

37. On December 21, 2004, the Davidsons filed with the IRS a claim for refund of $22,975.25 for the interest and §6621(c) penalty interest assessed and paid for 1986.

38. As grounds for recovery, the Davidsons restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1986:

A. The claim was timely. It was filed within two years from the date of payment. Additionally, even if any of the periods under §6230 apply to any portion of this claim, it is timely under those provisions as well.

B. Plaintiffs are not liable for the penalty portion of the interest paid under §6621(c). Several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The Fifth Circuit Court of Appeals opinion in *Weiner v. United States,* 389 F.3d 152 (5th Cir. 2004) established that where the tax liability resulted from a settlement in a TEFRA partnership proceeding where the original FPAA asserted both "tax motivated" grounds for the adjustments and non-tax motivated grounds, §6621(c) penalty interest cannot be imposed! The FPAA clearly contained numerous grounds for adjustment, most of which are not "tax motivated transaction" grounds. This case followed the Tax Court case, *McCrary v. Commissioner,* 92 T.C. 827 (1989), and its progeny. This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it! *See also Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

C. In addition and in the alternative, the taxpayer(s) are not liable for the penalty portion of the interest paid under §6621(c). To the extent the tax deficiencies upon which the §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by the TMP and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an §6224(c) agreed settlement that was entered into by the TMP, such an agreement can only relate to specific adjustments to partnership items. The assessment that resulted from the Tax Court decision reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement by the taxpayers that the tax deficiency was subject to §6621(c) or that the adjustments resulted from tax motivated transactions as defined in §6621(c) or the relevant regulations.

D. Alternatively, even if the doctrine under *Todd*, *McCrary*, and Treas. Reg. §301.6621-2T, A-5 does not preclude the application of §6621(c), no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a tax motivated transaction. Additionally, the IRS failed to make any determination or conduct any examination regarding the individual taxpayer before assessing the §6621(c) penalty interest and that portion of the assessment is simply a naked and invalid assessment.

E. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 for the period beginning with the commencement of the IRS' wrongful seizure of the partnership's books and records during the criminal investigation of Mr. Behrens, Mr. Schreiber, and Mr. Wright individually, and ending with the termination

of the criminal investigation and return of the records to the partnership. The resulting delay of the civil proceedings during that time period constituted an unreasonable delay in the proceedings due to a managerial or ministerial act. The refund claim computations have used a suspension period from December 31, 1988 to April 1, 1993, based on the dates of the IRS misconduct culminating when the IRS invaded the general partner's office, served criminal subpoenas on the general partners individually and seized the partnership's records to the date the general partners were notified of the abandonment of the criminal investigation and the records were returned. The period of suspension should actually be longer based on when the referral to the criminal investigation division was first made to the date when all partnership records were returned to the general partners, and the IRS should recompute and pay the greater amount under this claim based on those dates. The interest accrued on the tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the general partners, seizure, disorganization and loss of partnership records in the course of that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the ability to defend against adjustments to partnership items the IRS eventually asserted, all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the TMPs in writing with regard to the civil partnership level return examination.

F. Interest should also be abated for the period beginning with a date 45 days after the finality of the Tax Court decision reflecting the partnership item settlement and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax

deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

G. Interest should be recomputed based on the doctrine in *Avon Products*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

39. Over six (6) months have elapsed since the Davidsons filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States or in any judicial proceeding, including any in the Tax Court of the United States.

40. The Davidsons are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

**DEVRIES**
**COUNT FOUR**
**(Calendar Year 1985)**

41. Virgil D. DeVries and Lois A. DeVries filed a timely joint federal income tax return for calendar year 1985 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-0333 and XXX-XX-0564, respectively.

42. Mr. and Mrs. DeVries were limited partners in Agri-Venture Fund ("AVF"), a California limited partnership.

43. AVF timely filed its 1985 Form 1065, partnership tax return.

44. A dispute arose between the IRS and AVF as to certain partnership items reported on the partnerships' tax returns and suit was filed in the Tax Court contesting the IRS's proposed adjustments to the partnerships' return.

45. The TMP for AVF and the IRS filed an agreed decision with respect to those partnership items in that Tax Court action.

46. Following that settlement, on September 23, 2002, the IRS assessed tax liability of $8,578.00 and interest and §6621(c) penalty interest of $40,804.30 against the DeVries for 1985. The IRS Assessed additional interest of $1,332.76, $243.94, and $1,076.33 on March 3, 2003, April 7, 2003, and September 15, 2003, respectively.

47. By payments dated January 15, 2003, and October 7, 2003, the DeVries paid the assessments in full.

48. On January 13, 2005, the DeVries filed with the IRS a claim for refund of $8,578.00 for the tax and $43,457.33 for the interest and §6621(c) penalty interest assessed and paid for 1985.

49. As grounds for recovery, the DeVries restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1985:

A. The assessment of tax and interest was made after the statute of limitations had already expired. Any amount assessed and collected after the statute of limitations has expired constitutes an overpayment pursuant to §6401. The assessment related to the Partnership was made more than three years after the Partnership return was filed. The settlement upon which the assessment was based was solicited by the Internal Revenue Service and entered into by the TMP after the statute of limitations had expired. *Alexander v. United States*, 44 F.3d 328 (5th Cir. 1995), and *Ewing v. United States*, 914 F.2d 499 (4th Cir. 1990). An extension of the statute of limitations must be pursuant to a written agreement entered into "before the expiration of such period." I.R.C. §6229(b)(1). See Rev. Rul. 74-580, 1974-2 C.B. 400, *Alexander, supra; Melahn v. Commissioner*, 9 T.C. 768 (1947). (Neither

an invalid FPAA nor an invalid petition filed with the Tax Court suspends the limitations period, nor does a settlement agreement entered into after the statute of limitations has expired reopen the period for assessment.) This claim does not seek a change in the treatment of the partnership items. This claim concedes that the partnership items should, in fact, be adjusted as agreed by the TMP and it is, therefore, not necessary to show fraud, malfeasance or misrepresentation. The claim is not barred because the claim does not seek a change in the "treatment of partnership items."

B. Any amount assessed and collected after the statute of limitations had expired constitutes a refundable overpayment pursuant to §6401. *Alexander, supra; Cohen v. Commissioner*, 91-2 U.S.T.C. ¶50,384 (1991) *aff'd.* 995 F.2d 205 (Fed. Cir. 1993).

C. The claim was timely. It was filed within two years from the date of payment. Additionally, even if any of the periods under §6230 apply to any portion of this claim, it is timely under those provisions as well.

D. In the alternative, even if the statute of limitations does not bar the assessment and collection of tax, Plaintiffs are not liable for the penalty portion of the interest paid under §6621(c). Several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The Fifth Circuit Court of Appeals opinion in *Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004) established that where the tax liability resulted from a settlement in a TEFRA partnership proceeding where the original FPAA asserted both "tax motivated" grounds for the adjustments and non-tax motivated grounds, §6621(c) penalty interest cannot be imposed! The FPAA clearly contained numerous grounds for adjustment, most of which

are not "tax motivated transaction" grounds. This case followed the Tax Court case, *McCrary v. Commissioner*, 92 T.C. 827 (1989), and its progeny. This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it! *See also Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

E. In addition and in the alternative, the taxpayer(s) are not liable for the penalty portion of the interest paid under §6621(c). To the extent the tax deficiencies upon which the §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by the TMP and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an §6224(c) agreed settlement that was entered into by the TMP, such an agreement can only relate to specific adjustments to partnership items. The assessment that resulted from the Tax Court decision reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement by the taxpayers that the tax deficiency was subject to §6621(c) or that the adjustments resulted from tax motivated transactions as defined in §6621(c) or the relevant regulations.

F. Alternatively, even if the doctrine under *Todd*, *McCrary*, and Treas. Reg. §301.6621-2T, A-5 does not preclude the application of §6621(c), no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a tax motivated transaction. Additionally, the IRS failed to make any determination or conduct any examination regarding the individual taxpayer before assessing the §6621(c) penalty interest and that portion of the assessment is simply a naked and invalid assessment.

G. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 for the period beginning with the commencement of the IRS' wrongful seizure of the partnership's books and records during the criminal investigation of Mr. Behrens, Mr. Schreiber, and Mr. Wright individually, and ending with the termination of the criminal investigation and return of the records to the partnership. The resulting delay of the civil proceedings during that time period constituted an unreasonable delay in the proceedings due to a managerial or ministerial act. The refund claim computations have used a suspension period from December 31, 1988 to April 1, 1993, based on the dates of the IRS misconduct culminating when the IRS invaded the general partner's office, served criminal subpoenas on the general partners individually and seized the partnership's records to the date the general partners were notified of the abandonment of the criminal investigation and the records were returned. The period of suspension should actually be longer based on when the referral to the criminal investigation division was first made to the date when all partnership records were returned to the general partners, and the IRS should recompute and pay the greater amount under this claim based on those dates. The interest accrued on the tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the

general partners, seizure, disorganization and loss of partnership records in the course of that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the ability to defend against adjustments to partnership items the IRS eventually asserted, all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the TMPs in writing with regard to the civil partnership level return examination.

H. Interest should also be abated for the period beginning with a date 45 days after the finality of the Tax Court decision reflecting the partnership item settlement and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

I. Interest should be recomputed based on the doctrine in *Avon Products*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

50. Over six (6) months have elapsed since the DeVries filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States or in any judicial proceeding, including any in the Tax Court of the United States.

51. The DeVries are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

**DEVRIES**
**COUNT FIVE**
**(Calendar Year 1986)**

52. Virgil D. DeVries and Lois A. DeVries filed a timely joint federal income tax return for calendar year 1986 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-0333 and XXX-XX-0564, respectively.

53. Virgil D. DeVries was a limited partner in limited partners in Western Ag Venture Associates ("WAVA"), a California limited partnership.

54. WAVA timely filed its 1986 Form 1065, partnership tax return.

55. A dispute arose between the IRS and WAVA as to certain partnership items reported on the partnerships' tax returns and suit was filed in the Tax Court contesting the IRS's proposed adjustments to the partnerships' return.

56. The TMP for WAVA and the IRS filed an agreed decision with respect to those partnership items in that Tax Court action.

57. Following that settlement, on September 23, 2002, the IRS assessed tax liability of $11,685.00 and interest and §6621(c) penalty interest of $46,966.76 against the DeVries for 1986. The IRS Assessed additional interest of $642.75, $966.80, $277.67, and $1,297.86 on December 9, 2002, March 3, 2003, April 7, 2003, and September 15, 2003, respectively.

58. The DeVries paid the assessments in full.

59. On January 13, 2005, the DeVries filed with the IRS a claim for refund of $29,751.58 for the interest and §6621(c) penalty interest assessed and paid for 1986.

60. As grounds for recovery, the DeVries restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1986:

A. The claim was timely. It was filed within two years from the date of payment. Additionally, even if any of the periods under §6230 apply to any portion of this claim, it is timely under those provisions as well.

B. Plaintiffs are not liable for the penalty portion of the interest paid under §6621(c). Several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The Fifth Circuit Court of Appeals opinion in *Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004) established that where the tax liability resulted from a settlement in a TEFRA partnership proceeding where the original FPAA asserted both "tax motivated" grounds for the adjustments and non-tax motivated grounds, §6621(c) penalty interest cannot be imposed! The FPAA clearly contained numerous grounds for adjustment, most of which are not "tax motivated transaction" grounds. This case followed the Tax Court case, *McCrary v. Commissioner*, 92 T.C. 827 (1989), and its progeny. This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it! *See also Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

C. In addition and in the alternative, the taxpayer(s) are not liable for the penalty portion of the interest paid under §6621(c). To the extent the tax deficiencies upon which the

§6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by the TMP and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an §6224(c) agreed settlement that was entered into by the TMP, such an agreement can only relate to specific adjustments to partnership items. The assessment that resulted from the Tax Court decision reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement by the taxpayers that the tax deficiency was subject to §6621(c) or that the adjustments resulted from tax motivated transactions as defined in §6621(c) or the relevant regulations.

D. Alternatively, even if the doctrine under *Todd*, *McCrary*, and Treas. Reg. §301.6621-2T, A-5 does not preclude the application of §6621(c), no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a tax motivated transaction. Additionally, the IRS failed to make any determination or conduct any examination regarding the individual taxpayer before assessing the §6621(c) penalty interest and that portion of the assessment is simply a naked and invalid assessment.

E. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 for the period beginning with the commencement of the IRS' wrongful seizure of the partnership's books and records during the criminal investigation of Mr. Behrens, Mr. Schreiber, and Mr. Wright individually, and ending with the termination of the criminal investigation and return of the records to the partnership. The resulting delay of the civil proceedings during that time period constituted an unreasonable delay in the

proceedings due to a managerial or ministerial act. The refund claim computations have used a suspension period from December 31, 1988 to April 1, 1993, based on the dates of the IRS misconduct culminating when the IRS invaded the general partner's office, served criminal subpoenas on the general partners individually and seized the partnership's records to the date the general partners were notified of the abandonment of the criminal investigation and the records were returned. The period of suspension should actually be longer based on when the referral to the criminal investigation division was first made to the date when all partnership records were returned to the general partners, and the IRS should recompute and pay the greater amount under this claim based on those dates. The interest accrued on the tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the general partners, seizure, disorganization and loss of partnership records in the course of that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the ability to defend against adjustments to partnership items the IRS eventually asserted, all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the TMPs in writing with regard to the civil partnership level return examination.

F. Interest should also be abated for the period beginning with a date 45 days after the partnership item settlement and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

G. Interest should be recomputed based on the doctrine in *Avon Products*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

61. Over six (6) months have elapsed since the DeVries filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States or in any judicial proceeding, including any in the Tax Court of the United States.

62. The DeVries are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

**HILL**
**COUNT SIX**
**(Calendar Year 1984)**

63. Wayne Hill and Kathryn Hill filed a timely joint federal income tax return for calendar year 1984 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-1697 and XXX-XX-8995, respectively.

64. Wayne Hill was a limited partner in Travertine Flame Associates ("TFA"), a California limited partnership.

65. TFA timely filed its 1984 Form 1065, partnership tax return.

66. A dispute arose between the IRS and TFA as to certain partnership items reported on the partnerships' tax returns and suit was filed in the Tax Court contesting the IRS's proposed adjustments to the partnerships' return.

67. The TMP for TFA and the IRS filed an agreed decision with respect to those partnership items in that Tax Court action.

68. Following that settlement, on August 19, 2002, the IRS assessed tax liability of $21,809.98 and interest and §6621(c) penalty interest of $118,540.99 against the Hills for 1984.

69. The Hills previously made an advance remittance of $30,000.00 to their 1984 tax account, which the IRS applied to those assessments. The Hills paid the remainder of the assessments in full on September 1, 2002.

70. On June 24, 2004, the Hills filed with the IRS a claim for refund of $21,810.00 for the tax and $113,382.54 for the interest and §6621(c) penalty interest assessed and paid for 1984.

71. As grounds for recovery, the Hills restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1984:

A. The assessment of tax and interest was made after the statute of limitations had already expired. Any amount assessed and collected after the statute of limitations has expired constitutes an overpayment pursuant to §6401. The assessment related to the Partnership was made more than three years after the Partnership return was filed. The settlement upon which the assessment was based was solicited by the Internal Revenue Service and entered into by the TMP <u>after</u> the statute of limitations had expired. *Alexander v. United States*, 44 F.3d 328 (5th Cir. 1995), and *Ewing v. United States*, 914 F.2d 499 (4th Cir. 1990). An extension of the statute of limitations must be pursuant to a written agreement entered into "before the expiration of such period." I.R.C. §6229(b)(1). See Rev. Rul. 74-580, 1974-2 C.B. 400, *Alexander, supra; Melahn v. Commissioner*, 9 T.C. 768 (1947). (Neither an invalid FPAA nor an invalid petition filed with the Tax Court suspends the limitations period, nor does a settlement agreement entered into after the statute of limitations has expired reopen the period for assessment.) This claim does not seek a change in the treatment

of the partnership items. This claim concedes that the partnership items should, in fact, be adjusted as agreed by the TMP and it is, therefore, not necessary to show fraud, malfeasance or misrepresentation. The claim is not barred because the claim does not seek a change in the "treatment of partnership items."

B. Any amount assessed and collected after the statute of limitations had expired constitutes a refundable overpayment pursuant to §6401. *Alexander, supra; Cohen v. Commissioner*, 91-2 U.S.T.C. ¶50,384 (1991) *aff'd.* 995 F.2d 205 (Fed. Cir. 1993).

C. The claim was timely. It was filed within two years from the date of payment. Additionally, even if any of the periods under §6230 apply to any portion of this claim, it is timely under those provisions as well.

D. In the alternative, even if the statute of limitations does not bar the assessment and collection of tax, Plaintiffs are not liable for the penalty portion of the interest paid under §6621(c). To the extent the tax deficiencies upon which the §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by the TMP and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an §6224(c) agreed settlement that was entered into by the TMP, such an agreement can only relate to specific adjustments to partnership items. The assessment that resulted from the Tax Court decision reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement by the taxpayers that the tax deficiency

was subject to §6621(c) or that the adjustments resulted from tax motivated transactions as defined in §6621(c) or the relevant regulations.

E. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner*, 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it! *See also Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position. Moreover, based on this same analysis, the Fifth Circuit Court of Appeals has just ruled in related AMCOR partnership cases that the penalty rate of interest should not have been applied to the AMCOR partners who were the subject of that test case litigation. *Weiner v. United States*, 389 F.3d 152 (5th Cir., 2004). Because Plaintiffs reside within the jurisdiction of the Fifth Circuit Court of Appeals, this case is now controlling.

F. Alternatively, even if the doctrine under *Todd*, *McCrary*, and Treas. Reg. §301.6621-2T, A-5 does not preclude the application of §6621(c), no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a tax motivated transaction. Additionally, the IRS failed to make any determination or conduct

any examination regarding the individual taxpayer before assessing the §6621(c) penalty interest and that portion of the assessment is simply a naked and invalid assessment.

G. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 for the period beginning with the commencement of the IRS' wrongful seizure of the partnership's books and records during the criminal investigation of Mr. Behrens, Mr. Schreiber, and Mr. Wright individually, and ending with the termination of the criminal investigation and return of the records to the partnership. The resulting delay of the civil proceedings during that time period constituted an unreasonable delay in the proceedings due to a managerial or ministerial act. The refund claim computations have used a suspension period from December 31, 1988 to April 1, 1993, based on the dates of the IRS misconduct culminating when the IRS invaded the general partner's office, served criminal subpoenas on the general partners individually and seized the partnership's records to the date the general partners were notified of the abandonment of the criminal investigation and the records were returned. The period of suspension should actually be longer based on when the referral to the criminal investigation division was first made to the date when all partnership records were returned to the general partners, and the IRS should recompute and pay the greater amount under this claim based on those dates. The interest accrued on the tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the general partners, seizure, disorganization and loss of partnership records in the course of that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the ability to defend against adjustments to partnership items the IRS eventually asserted, all of which constituted managerial or ministerial acts which were

unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the TMPs in writing with regard to the civil partnership level return examination.

H. Interest should also be abated for the period beginning with a date 45 days after the partnership item settlement and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

I. Interest should be recomputed based on the doctrine in *Avon Products*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

72. Over six (6) months have elapsed since the Hills filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States or in any judicial proceeding, including any in the Tax Court of the United States.

73. The Hills are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

**STALNAKER**
**COUNT SEVEN**
**(Calendar Year 1985)**

74. Robert M. Stalnaker and Patsy Stalnaker filed a timely joint federal income tax return for calendar year 1985 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-3404 and XXX-XX-0329, respectively.

75. Robert M. Stalnaker was a limited partner in Agri Venture Fund ("AVF"), a California limited partnership.

76. AVF timely filed its 1985 Form 1065, partnership tax return.

77. A dispute arose between the IRS and AVF as to certain partnership items reported on the partnerships' tax returns and suit was filed in the Tax Court contesting the IRS's proposed adjustments to the partnerships' return.

78. The TMP for AVF and the IRS filed an agreed decision with respect to those partnership items in that Tax Court action.

79. Following that settlement, on August 9, 2002, the IRS assessed tax liability of $9,167.00 and interest and §6621(c) penalty interest of $41,726.90 against the Hills for 1985. Additional interest of $521.74 was assessed on December 2, 2002.

80. The Stalnakers paid the assessments in full by payments made on October 15, 2002, and December 2, 2002.

81. On October 7, 2004, the Stalnakers filed with the IRS a claim for refund of $9,167.00 for the tax and all of the interest, including §6621(c) penalty interest, assessed and paid for 1985.

82. As grounds for recovery, the Stalnakers restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1985:

A. The assessment of tax and interest was made after the statute of limitations had already expired. Any amount assessed and collected after the statute of limitations has expired constitutes an overpayment pursuant to §6401. The assessment related to the Partnership was made more than three years after the Partnership return was filed. The settlement upon which the assessment was based was solicited by the Internal Revenue

Service and entered into by the TMP after the statute of limitations had expired. *Alexander v. United States*, 44 F.3d 328 (5th Cir. 1995), and *Ewing v. United States*, 914 F.2d 499 (4th Cir. 1990). An extension of the statute of limitations must be pursuant to a written agreement entered into "before the expiration of such period." I.R.C. §6229(b)(1). See Rev. Rul. 74-580, 1974-2 C.B. 400, *Alexander, supra; Melahn v. Commissioner*, 9 T.C. 768 (1947). (Neither an invalid FPAA nor an invalid petition filed with the Tax Court suspends the limitations period, nor does a settlement agreement entered into after the statute of limitations has expired reopen the period for assessment.) This claim does not seek a change in the treatment of the partnership items. This claim concedes that the partnership items should, in fact, be adjusted as agreed by the TMP and it is, therefore, not necessary to show fraud, malfeasance or misrepresentation. The claim is not barred because the claim does not seek a change in the "treatment of partnership items."

B. Any amount assessed and collected after the statute of limitations had expired constitutes a refundable overpayment pursuant to §6401. *Alexander, supra; Cohen v. Commissioner*, 91-2 U.S.T.C. ¶50,384 (1991) *aff'd.* 995 F.2d 205 (Fed. Cir. 1993).

C. The claim was timely. It was filed within two years from the date of payment. Additionally, even if any of the periods under §6230 apply to any portion of this claim, it is timely under those provisions as well.

D. In the alternative, even if the statute of limitations does not bar the assessment and collection of tax, Plaintiffs are not liable for the penalty portion of the interest paid under §6621(c). To the extent the tax deficiencies upon which the §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under

§6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by the TMP and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an §6224(c) agreed settlement that was entered into by the TMP, such an agreement can only relate to specific adjustments to partnership items. The assessment that resulted from the Tax Court decision reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement by the taxpayers that the tax deficiency was subject to §6621(c) or that the adjustments resulted from tax motivated transactions as defined in §6621(c) or the relevant regulations.

E. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner*, 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it! *See also Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position. Moreover, based on this same analysis, the Fifth Circuit Court of Appeals has just ruled in related AMCOR partnership cases that the penalty rate of interest should not have been applied to the AMCOR partners who were the subject

of that test case litigation. *Weiner v. United States*, 389 F.3d 152 (5th Cir., 2004). Because Plaintiffs reside within the jurisdiction of the Fifth Circuit Court of Appeals, this case is now controlling.

F. Alternatively, even if the doctrine under *Todd, McCrary*, and Treas. Reg. §301.6621-2T, A-5 does not preclude the application of §6621(c), no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a tax motivated transaction. Additionally, the IRS failed to make any determination or conduct any examination regarding the individual taxpayer before assessing the §6621(c) penalty interest and that portion of the assessment is simply a naked and invalid assessment.

G. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 for the period beginning with the commencement of the IRS' wrongful seizure of the partnership's books and records during the criminal investigation of Mr. Behrens, Mr. Schreiber, and Mr. Wright individually, and ending with the termination of the criminal investigation and return of the records to the partnership. The resulting delay of the civil proceedings during that time period constituted an unreasonable delay in the proceedings due to a managerial or ministerial act. The refund claim computations have used a suspension period from December 31, 1988 to April 1, 1993, based on the dates of the IRS misconduct culminating when the IRS invaded the general partner's office, served criminal subpoenas on the general partners individually and seized the partnership's records to the date the general partners were notified of the abandonment of the criminal investigation and the records were returned. The period of suspension should actually be longer based on when the referral to the criminal investigation division was first made to the date when all partnership

records were returned to the general partners, and the IRS should recompute and pay the greater amount under this claim based on those dates. The interest accrued on the tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the general partners, seizure, disorganization and loss of partnership records in the course of that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the ability to defend against adjustments to partnership items the IRS eventually asserted, all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the TMPs in writing with regard to the civil partnership level return examination.

H. Interest should also be abated for the period beginning with a date 45 days after the partnership item settlement and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

I. Interest should be recomputed based on the doctrine in *Avon Products*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

83. Over six (6) months have elapsed since the Stalnakers filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States or in any judicial proceeding, including any in the Tax Court of the United States.

84. The Stalnakers are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

**WYNNE**
**COUNT EIGHT**
**(Calendar Year 1984)**

85. J. Bryce Wynne and Mary A. Wynne filed a timely joint federal income tax return for calendar year 1984 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-3072 and XXX-XX-6891.

86. J. Bryce Wynne was a limited partner in Agr-Venture II ("AV2"), a California limited partnership.

87. AV2 timely filed its 1984 Form 1065, partnership tax return.

88. A dispute arose between the IRS and AV2 as to certain partnership items reported on the partnership's tax return and suit was filed in the Tax Court contesting the IRS's proposed adjustments to the partnership's return.

89. The TMP for AV2 and the IRS filed an agreed decision with respect to those partnership items in that Tax Court action.

90. Following that settlement, on October 14, 2002, the IRS assessed tax liability of $33,521.40 of tax and interest and §6621(c) penalty interest of $183,195.93 against the Wynnes for 1984. The IRS assessed additional interest of $1,242.81 on October 14, 2002.

91. In a series of payments and credit transferred from other tax years, the Wynnes paid the assessments in full.

92. On November 23, 2004, the Wynnes filed with the IRS a claim for refund of $33,521.40 for the tax and $183,195.93, or such amount as is legally refundable, for the interest and §6621(c) penalty interest assessed and paid for 1984.

93. As grounds for recovery, the Wynnes restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1984:

A. The assessment of tax and interest was made after the statute of limitations had already expired. Any amount assessed and collected after the statute of limitations has expired constitutes an overpayment pursuant to §6401. The assessment related to the Partnership was made more than three years after the Partnership return was filed. The settlement upon which the assessment was based was solicited by the Internal Revenue Service and entered into by the TMP after the statute of limitations had expired. *Alexander v. United States*, 44 F.3d 328 (5th Cir. 1995), and *Ewing v. United States*, 914 F.2d 499 (4th Cir. 1990). An extension of the statute of limitations must be pursuant to a written agreement entered into "before the expiration of such period." I.R.C. §6229(b)(1). See Rev. Rul. 74-580, 1974-2 C.B. 400, *Alexander, supra; Melahn v. Commissioner*, 9 T.C. 768 (1947). (Neither an invalid FPAA nor an invalid petition filed with the Tax Court suspends the limitations period, nor does a settlement agreement entered into after the statute of limitations has expired reopen the period for assessment.) This claim does not seek a change in the treatment of the partnership items. This claim concedes that the partnership items should, in fact, be adjusted as agreed by the TMP and it is, therefore, not necessary to show fraud, malfeasance or misrepresentation. The claim is not barred because the claim does not seek a change in the "treatment of partnership items."

B. Any amount assessed and collected after the statute of limitations had expired constitutes a refundable overpayment pursuant to §6401. *Alexander, supra; Cohen v. Commissioner*, 91-2 U.S.T.C. ¶50,384 (1991) *aff'd.* 995 F.2d 205 (Fed. Cir. 1993).

C. The claim was timely. It was filed within two years from the date of payment. Additionally, even if any of the periods under §6230 apply to any portion of this claim, it is timely under those provisions as well.

D. In the alternative, even if the statute of limitations does not bar the assessment and collection of tax, Plaintiffs are not liable for the penalty portion of the interest paid under §6621(c). Several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The Fifth Circuit Court of Appeals opinion in *Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004) established that where the tax liability resulted from a settlement in a TEFRA partnership proceeding where the original FPAA asserted both "tax motivated" grounds for the adjustments and non-tax motivated grounds, §6621(c) penalty interest cannot be imposed! The FPAA clearly contained numerous grounds for adjustment, most of which are not "tax motivated transaction" grounds. This case followed the Tax Court case, *McCrary v. Commissioner*, 92 T.C. 827 (1989), and its progeny. This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it! *See also Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5,

Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

E. In the alternative, even if the statute of limitations does not bar the assessment and collection of tax, Plaintiffs are not liable for the penalty portion of the interest paid under §6621(c). To the extent the tax deficiencies upon which the §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by the TMP and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an §6224(c) agreed settlement that was entered into by the TMP, such an agreement can only relate to specific adjustments to partnership items. The assessment that resulted from the Tax Court decision reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement by the taxpayers that the tax deficiency was subject to §6621(c) or that the adjustments resulted from tax motivated transactions as defined in §6621(c) or the relevant regulations.

F. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner,* 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even

though some of the IRS's alternative grounds in the original FPAA for disallowance would support it! *See also Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position. Moreover, based on this same analysis, the Fifth Circuit Court of Appeals has just ruled in related AMCOR partnership cases that the penalty rate of interest should not have been applied to the AMCOR partners who were the subject of that test case litigation. *Weiner v. United States*, 389 F.3d 152 (5th Cir., 2004). Because Plaintiffs reside within the jurisdiction of the Fifth Circuit Court of Appeals, this case is now controlling.

G. Alternatively, even if the doctrine under *Todd*, *McCrary*, and Treas. Reg. §301.6621-2T, A-5 does not preclude the application of §6621(c), no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a tax motivated transaction. Additionally, the IRS failed to make any determination or conduct any examination regarding the individual taxpayer before assessing the §6621(c) penalty interest and that portion of the assessment is simply a naked and invalid assessment.

H. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 for the period beginning with the commencement of the IRS' wrongful seizure of the partnership's books and records during the criminal investigation of Mr. Behrens, Mr. Schreiber, and Mr. Wright individually, and ending with the termination of the criminal investigation and return of the records to the partnership. The resulting delay of the civil proceedings during that time period constituted an unreasonable delay in the proceedings due to a managerial or ministerial act. The refund claim computations have used

a suspension period from December 31, 1988 to April 1, 1993, based on the dates of the IRS misconduct culminating when the IRS invaded the general partner's office, served criminal subpoenas on the general partners individually and seized the partnership's records to the date the general partners were notified of the abandonment of the criminal investigation and the records were returned. The period of suspension should actually be longer based on when the referral to the criminal investigation division was first made to the date when all partnership records were returned to the general partners, and the IRS should recompute and pay the greater amount under this claim based on those dates. The interest accrued on the tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the general partners, seizure, disorganization and loss of partnership records in the course of that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the ability to defend against adjustments to partnership items the IRS eventually asserted, all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the TMPs in writing with regard to the civil partnership level return examination.

I. Interest should also be abated for the period beginning with a date 45 days after the finality of the Tax Court decision reflecting the partnership item settlement and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

J. Interest should be recomputed based on the doctrine in *Avon Products*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

94. Over six (6) months have elapsed since the Wynnes filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States or in any judicial proceeding, including any in the Tax Court of the United States.

95. The Wynnes are the sole owners of the claim asserted herein against the Defendant and has made no assignment of said claim.

WHEREFORE, Plaintiffs Arthur J. Davidson and Barbara J. Davidson pray for judgment against Defendant, the United States of America, in the amount of $115,725.00, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

WHEREFORE, Plaintiffs Virgil D. DeVries and Lois A. DeVries pray for judgment against Defendant, the United States of America, in the amount of $81,786.91, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

WHEREFORE, Plaintiffs Wayne Hill and Kathryn Hill pray for judgment against Defendant, the United States of America, in the amount of $135,192.54, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

WHEREFORE, Plaintiffs Robert M. Stalnaker and Patsy Stalnaker pray for judgment against Defendant, the United States of America, in the amount of $9,167, plus all interest paid on the

contested liabilities, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

WHEREFORE, Plaintiffs J. Bryce Wynne and Mary A. Wynne pray for judgment against Defendant, the United States of America, in the amount of $216,717.33, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

Respectfully,

Thomas E. Redding, Esq.

Thomas E. Redding
Texas State Bar No. 16661300
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)
ATTORNEY FOR PLAINTIFFS

Of Counsel for Plaintiffs:
Teresa J. Womack
Texas State Bar No. 00788707
Sallie W. Gladney
Texas State Bar No. 00787546
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)